## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| DOMINIQUE STEELE, ) | |
|     Petitioner, ) | Civil Action No. 7:19CV466 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| M. BRECKON, WARDEN, ) | By: Norman K. Moon |
|     Respondent. ) | United States District Judge |

Dominique Steele, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a motion to dismiss the petition or, in the alternative, motion for summary judgment pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56. (Dkt. No. 6.) In it, respondent moves to dismiss the petition in its entirety, arguing that the petition fails to state a claim upon which relief may be granted or, alternatively, that he is entitled to judgment as a matter of law.

For the reasons set forth herein, I conclude that Steele's § 2241 petition fails to state a claim upon which relief may be granted. I will therefore dismiss the petition with prejudice and enter judgment in respondent's favor.

I.

Steele is currently incarcerated at the United States Penitentiary ("USP") in Lee County, Virginia. He is challenging a disciplinary action taken against him at USP Lewisburg, Pennsylvania. The petition raises a single claim: that Steele was denied his right to procedural due process during the disciplinary proceedings. He seeks expungement of the incident report from his record and restoration of his good conduct time ("GCT").

On May 14, 2018, Steele was charged in Incident Report ("IR") No. 3123919 with attempted introduction of narcotics into the facility, use of the mail to further criminal activity, and use of the telephone to further criminal activity. (Dkt. No. 1-2 at 1, 10.) The report arose

from the following facts. On April 23, 2018, in reviewing incoming mail, a correctional officer discovered an incoming letter to Steele from an address in Pittsburgh, PA. (*Id.* at 10.) Inside the envelope the officer found a handwritten letter and a newspaper article regarding a plane crash, which was coated with an unknown substance. (*Id.*) Based on the officer's observation, the newspaper article was tested using the NIK testing system and revealed a positive color shift for heroin. (*Id.*) Further investigation determined that on May 4, 2018, Steele made a telephone call to a woman in which the letter and newspaper article were discussed. (*Id.*) Based on Steele's contacts, investigators discovered the name of the woman Steele called. (*Id.*) According to the reporting officer, "[d]uring the call she admits to sending the doctored article to inmate Steele, and inmate Steele refers to her that she needs to keep sending 'it' so they can take 'advantage' while he is at this facility." (*Id.*)

A hearing before a Disciplinary Hearing Officer ("DHO") was held on June 13, 2018. (*Id.* at 1.) The DHO found that Steele had committed the offenses of attempted introduction of any drug not prescribed by medical staff and use of the telephone to commit or further a greatest category prohibited act (Codes 111A and 197, respectively). (*Id.* at 1.) The DHO imposed, among other sanctions, the penalties of disallowance of 41 days GCT time and forfeiture of 364 days of non-vested GCT for the first offense and disallowance of 41 days GCT for the second offense. (*Id.* at 4.) Petitioner has exhausted his administrative remedies with respect to IR 3123919. (*Id.* at 5-9.)

As I explain, Steele received all of the process which he was due during the course of the disciplinary proceedings at issue, and the DHO's decision is supported by some evidence in the

record. Therefore, Steele has not established a due process violation, and the petition fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).[1]

## II.

Prisoners may not be deprived of life, liberty or property without due process of law. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015). "To state a procedural due process violation, a [petitioner] must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." *Chestnut v. Lue*, No. 7:19-cv-00455, 2019 WL 6352656, at *3 (W.D. Va. Nov. 27, 2019) (quoting *Prieto*, 780 F.3d at 248). "It is well established that the loss of earned good time credits . . . is an interest sufficient to invoke the protections of due process." *Id.* (citing *Wolff*, 418 U.S. at 439); *see also Moses v. Bledsoe*, No. Civ.A. 1:03 CV 149, 2004 WL 3317657, at *2 (N.D. W. Va. 2004) ("An inmate has a liberty interest in good time credit and no state may constitutionally deprive him of that good time credit without due process of law."). The Supreme Court described the process due a prisoner accused of a disciplinary infraction in *Wolff* as follows: (1) the inmate must receive written notice of the charges; (2) he must be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals; and (3) there must be a written statement by the factfinder as to the evidence relied on and the reasons for the decision. *Massengale v. Streeval*, No. 7:19-cv-543, 2020 WL 4227559, at *4 (W.D. Va. July 23, 2020) (citing *Wolff*, 418 U.S. at 564); *Chestnut*, 2019 WL 6352656, at *3 (quoting *Superintendent,*

---

[1] A district court should dismiss a complaint under Fed. R. Civ. P. 12(b)(6) if, accepting all well-pleaded allegations in the complaint as true and drawing all reasonable factual inferences in the petitioner's favor, the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985)). The Supreme Court further held that "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record." *Hill*, 472 U.S. at 454 (quoting *Wolff*, 418 U.S. at 558) (internal citation omitted); *see also Chestnut*, 2019 WL 6352656, at *3 (noting that there was "'some evidence' supporting the DHO's conclusions, all that is required" (quoting *Hill*, 472 U.S. at 454, 456)). "'Some evidence' is defined as 'any evidence in the record that could support the conclusion reached.'" *Moses*, 2004 WL 3317657, at *3 (quoting *Hill*, 472 U.S. at 455–56). "As long as a hearing officer's decision is supported by some evidence and the requirements of *Wolff* have been met, the decision cannot be disturbed on judicial review." *Massengale*, 2020 WL 4227559, at *4.

Steele argues that he has been deprived of GCT without first receiving minimal due process. (Dkt. Nos. 1-1 at 1, 11-1 at 1.) He does not allege in his petition that the disciplinary proceedings failed to meet the *Wolff* requirements. Rather, he claims that his due process rights have been violated because there is insufficient evidence in the record to support the DHO's decision. (Dkt. No. 11-1 at 5 (noting that *Hill* standard has not been satisfied because "'some evidence' does not appear in the administrative record to support the DHO's decision and disposition").)

The DHO gave "the greater weight of the evidence" to: the eyewitness written account of the reporting officer; the DHO's own review of the audio recording of the telephone call between Steele and the woman who sent the letter and newspaper article; the photographs of the handwritten letter and newspaper article, and the addressed envelope in which they were contained; and the photographs of the NIK test protocol and the color changes associated with each test of the substance coating the newspaper article. (Dkt. No. 1-2 at 2-3; *see also* Dkt. No.

4

11-1 at 5 (listing evidence on which the DHO contends he relied).)² The DHO stated that he "considered as evidence in this case the handwritten statements and verbal testimony of inmate Steele, in which he alleged the incident report was written in retaliation for filing grievances related to the delivery of his mail," (Dkt. No. 1-2 at 3); that the mail, phone call, and NIK tests were fabricated, (*id.*); and that without an FBI test of the alleged substance, there was insufficient evidence to sustain the charges, (*id.*). The DHO gave "less weight to this evidence, than that to which the greater weight is given in this case," (*id.*), for several reasons. The DHO noted there was no factual basis for Steele's claims of retaliation or fabrication; the NIK tests were sufficient to support the finding that Steele attempted to introduce a drug not prescribed by medical staff into the facility; and testing by the FBI or other outside law enforcement agency was not required. (*Id.*). The DHO also noted that the phone call clearly occurred and was used in furtherance of the prohibited act. "[I]t is not the job of the courts to assess the weight of the evidence when reviewing a prison disciplinary hearing, but only to determine whether the guilty finding has support of some facts or any evidence at all." *Massengale*, 2020 WL 4227559, at *4 (citing *Tyler v. Hooks*, 945 F.3d 159, 170 (4th Cir. 2019)).

In the petition, Steele focuses on the NIK testing, stating that it alone could not constitute sufficient evidence to support the charges. (Dkt. No. 1-1 at 1.) According to Steele:

> using the NIK testing system alone as proof of narcotics of any kind, is a procedural due process violation under the [F]ifth [A]mendment. NIK tests when used, test coffee positive as amphetamines, and because this is a known fact in the Bureau of Prisons, an initial NIK test must be confirmed by a different laboratory procedure! Without a NIK test result, being confirmed by a Central Office-approved laboratory, the NIK test is inclusive and cannot be used!

---

² BOP regulations state that: "The decision of the DHO shall be based on at least some facts, and if there is conflicting evidence, it must be based on the greater weight of the evidence." *Moses*, 2004 WL 3317657, at *9.

(*Id.*) (citing Program Statement 6060.08, a. Procedures § 550.31) (underlining omitted). It is clear from the DHO's statements and summary of the evidence cited above, however, that the NIK tests were not the only evidence on which the DHO relied. *See Massengale*, 2020 WL 4227559, at *4 ("[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." (quoting *Hill*, 472 U.S. at 455-56)) (alteration in original).

Even if, as Steele states, the Bureau of Prisons ("BOP") should have confirmed the NIK test results, the BOP's violation of its own policies does not give rise to a due process violation. *Orozco v. Breckon*, No. 7:19cv00040, 2020 WL 1542094, at *2 (W.D. Va. Mar. 31, 2020) ("[T]he BOP's violations of its own policies do not amount to a due process violation." (quoting *Bauer v. Warden FCI Williamsburg*, No. 6:16cv304, 2017 WL 318683, at *2 (D.S.C. Jan. 23, 2017)); *Moses*, 2004 WL 3317657, at *2 (noting that "BOP regulations are not afforded constitutional protection"). Therefore, I conclude that Steele has not established that a due process violation occurred.

Having found that Steele received all the process to which he was entitled during the course of the disciplinary proceedings and that the DHO's decision is supported by some evidence in the record, I find that Steele has failed to state a claim upon which relief may be granted. Accordingly, I will grant respondent's motion to dismiss and dismiss Steele's petition with prejudice.

An appropriate order will be entered.

**ENTER**: This 29th day of September, 2020

*[signature: Norman K. Moon]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE